[No. B060459. Second Dist., Div. Four. Mar. 24, 1993.]

ISAIAH KHOURY, Plaintiff and Appellant, v.
MALY'S OF CALIFORNIA, INC., et al., Defendants and Respondents.

COUNSEL

Catherine Menard for Plaintiff and Appellant.

Zander & Fletcher and James H. Zander for Defendants and Respondents.

OPINION

VOGEL (C. S.), J.—In this action by a retailer against a distributor of beauty supplies, plaintiff and appellant Isaiah Khoury appeals from the trial court's order of dismissal in favor of defendants and respondents Maly's of California, Inc., and John Maly, following the sustaining of demurrer, without leave to amend, to the second amended complaint.

The factual allegations of appellant's unverified second amended complaint, which must be assumed to be true for the purpose of ruling on demurrer (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 213-214 [197 Cal.Rptr. 783, 673 P.2d 660]), are as follows: Appellant, doing business as "Just-in Beauty & Supply," operates a beauty and supply business. Respondent,[1] acting as agent for defendant John Paul Mitchell Systems (not a party to this appeal), is the sole distributor available to appellant for John Paul Mitchell hair care products (hereafter the JPM products). By oral contract respondent agreed that if appellant and appellant's employees attended a training class and agreed to sell the JPM products, respondent would supply the JPM products to appellant. Pursuant to the agreement, appellant and his employees attended the training, respondent supplied the JPM products, and appellant displayed and sold the JPM products. Appellant developed a clientele loyal to JPM products who would accept no substitutes. Thereafter, respondent refused to continue to supply appellant with the JPM products, damaging appellant's business.

Appellant's second amended complaint attempted to allege four causes of action for this conduct, labelled breach of oral contract, bad faith breach of implied covenant of good faith and fair dealing, interference with advantageous business relationship, and unfair business practices. The trial court sustained demurrer to all four causes of action, without leave to amend. We reverse as to the first cause of action for breach of oral contract, but affirm as to the other three causes of action.

### BREACH OF ORAL CONTRACT

Appellant alleged the existence of an oral agreement to supply appellant with the JPM products. The demurrer was sustained on the ground that the

---

[1]For simplicity of narration we refer to respondents in the singular.

allegations were uncertain as to the nature and duration of the oral agreement.

█ An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words. (4 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 471, p. 509.) A demurrer for uncertainty is strictly construed, even where a complaint is in some respects uncertain, because ambiguities can be clarified under modern discovery procedures. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 927, p. 364; 1 Weil & Brown, Civil Procedure Before Trial (The Rutter Group 1990) § 7:85, p. 7-23.)

The factual allegations show that appellant, in reliance on the promise of a supply of the JPM products, attended the training sessions, set aside shelf space, sold the JPM products and developed a clientele who would accept no substitutes. Although appellant alleged no specific duration of the agreement, the law implies a reasonable term and, even assuming the contract to be terminable at will, requires the giving of reasonable notice prior to termination. (Cal. U. Com. Code, § 2309; see *International Aerial Tramway Corp.* v. *Konrad Doppelmayr & Sohn* (1969) 70 Cal.2d 400, 407-408 [74 Cal.Rptr. 908, 450 P.2d 284]; *Great Western etc.* v. *J. A. Wathen D. Co.* (1937) 10 Cal.2d 442, 446-447 [74 P.2d 745]; *Mile* v. *Cal. Growers Wineries, Inc.* (1941) 45 Cal.App.2d 674, 679 [114 P.2d 651]; *Alpha Distrib. Co. of Cal., Inc.* v. *Jack Daniel Distillery* (9th Cir. 1972) 454 F.2d 442, 448-449 [applying Cal. law].) The complaint is not unfairly vague, because what constitutes a commercially reasonable time is presumptively within respondent's knowledge as much as appellant's. (See 1 Weil & Brown, Civil Procedure Before Trial, *supra*, § 7:86, p. 7-30 (rev. 1, 1993) [demurrer for uncertainty should be overruled if facts presumptively within defendant's knowledge].)

We conclude appellant's allegations are sufficient to plead a cause of action for damages for termination without reasonable notice. This is not inconsistent with *Adkins* v. *Model Laundry Co.* (1928) 92 Cal.App. 575, 580 [268 P. 939], and *Hills Trans. Co.* v. *Southwest Forest Industries, Inc.* (1968) 266 Cal.App.2d 702, 706 [72 Cal.Rptr. 441], both cited by respondent. In *Adkins*, the matter went to trial, and damages were erroneously awarded on a theory not adequately raised in the complaint. (92 Cal.App. at p. 580.) In *Hills*, the appellant was seeking another opportunity to allege a contract of fixed duration. (266 Cal.App.2d at p. 713.)

### OTHER CAUSES OF ACTION

█ Appellant's other three causes of action attempt to assert tort and punitive damage remedies for respondent's conduct. The trial court did not

abuse its discretion in sustaining the demurrer, without leave to amend, as to these causes of action.

## GOOD FAITH AND FAIR DEALING

Appellant's second cause of action alleges that "[d]efendants' wrongful refusal to supply the Products to plaintiff was a bad faith denial of the existence of the contracts, without probable cause, since defendants had earlier acknowledged the existence of the contracts."

Appellant thus attempted to assert the tort of bad faith denial of the existence of a contract, without probable cause and with no belief in the existence of a defense, which was first described in *Seaman's Direct Buying Service, Inc.* v. *Standard Oil Co.* (1984) 36 Cal.3d 752, 769-770 [206 Cal.Rptr. 354, 686 P.2d 1158].

Appellant's pleading was insufficient for the reason stated in *Careau & Co.* v. *Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1402-1404 [272 Cal.Rptr. 387]. A plaintiff seeking to characterize a defendant's denial of contract liability as a tort must state with specificity the facts on which the defendant allegedly had no reasonable belief in the existence of a legally tenable defense. (*Id.* at p. 1404.)

Otherwise, "the courts will be faced with general allegations charging this tort in every contract dispute in which liability is denied, and defendants in such cases will be faced with the dilemma of raising a defense to contract liability only at the risk and expense of litigating a tort action." (222 Cal.App.3d at p. 1404.)

## INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

In his third cause of action appellant alleged that respondent is the sole distributor from whom appellant can obtain the JPM products; the JPM products are available only in salons and are of such reputation and quality that appellant has clients who request and buy only the JPM products and will not accept substitutes. "[D]efendants with full knowledge of plaintiff's reliance on the John Paul Mitchell Systems line of hair care products, and intending to injure, destroy and otherwise interfere with plaintiff's business, did wrongfully, fraudulently, knowingly, intentionally and maliciously refuse to sell [the JPM products] to plaintiff, intending to ruin and interfere with his beauty and supply business. Defendants intended to induce plaintiff's customers to cease doing business with plaintiff." As a result of respondent's disruption of appellant's business, appellant suffered damages.

This cause of action suffers from the same defect as the second cause of action. Although generally pleading the elements of intentional interference with prospective business advantage (*Asia Investment Co.* v. *Borowski* (1982) 133 Cal.App.3d 832, 840-841 [184 Cal.Rptr. 317, 30 A.L.R.4th 561]), this complaint fails to state any factual basis for the assertion that respondent interfered with appellant's business relations, having the improper malicious purpose to destroy appellant's business. The sole alleged conduct of respondent was the breach of contract to supply the JPM products to appellant. The effect on appellant's customers (with whom respondent had no relations) and the damage to appellant's business were simply consequences of breach of contract. If a contract plaintiff could plead in a conclusory way that the defendant maliciously intended to drive the plaintiff out of business, the tort of interference with prospective business advantage would be routinely pleaded in breach of contract cases. (See *Careau & Co.* v. *Security Pacific Business Credit, Inc.*, *supra*, 222 Cal.App.3d at p. 1404.) Allowing such conclusory pleading would be contrary to the cautious policy of the courts about extending tort remedies to ordinary commercial contracts. (See *Seaman's Direct Buying Service, Inc.*, *supra*, 36 Cal.3d at p. 769; *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654, 683, 687-688 [254 Cal.Rptr. 211, 765 P.2d 373]; *Copesky* v. *Superior Court* (1991) 229 Cal.App.3d 678, 689 [280 Cal.Rptr. 338].) Appellant's third cause of action is simply duplicative of his contract claim. (See *Careau & Co.* v. *Security Pacific Business Credit, Inc.*, *supra*, 222 Cal.App.3d at p. 1392.)

### LEAVE TO AMEND SECOND AND THIRD CAUSES OF ACTION

■ The trial court did not abuse its discretion in denying leave to amend these two causes of action. Appellant had twice pleaded breach of good faith and fair dealing. Appellant had three times pleaded interference with business advantage. In considering leave to amend, a court exercises a judgment "whether behind the words of the pleading anything of legal substance lies, whether on further revision the pleading can honestly state a cause of action." (*Hills Trans. Co.* v. *Southwest Forest Industries, Inc.*, *supra*, 266 Cal.App.2d at p. 709.) It is apparent here that appellant has nothing but a contract claim.

### UNFAIR BUSINESS PRACTICES

Appellant's fourth cause of action alleges: "California Business and Professions Code Sections 17000, et seq., and 17200, et seq., states [*sic*] that

unfair competition shall mean and include unlawful, unfair or fraudulent business practices. [¶] . . . Defendants breached this statute by refusing to sell [the JPM products] to plaintiff, for the purpose of ruining and interfering with his beauty and supply business, with the effect of misleading plaintiff's customers."

■ A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation. (5 Witkin, Cal. Procedure, *supra*, Pleading, § 728, p. 176; *Perdue* v. *Crocker National Bank* (1985) 38 Cal.3d 913, 929 [216 Cal.Rptr. 345, 702 P.2d 503]; see *Committee on Children's Television, Inc.* v. *General Foods Corp.*, *supra*, 35 Cal.3d 197, 213-214; *G.H.I.I.* v. *MTS, Inc.* (1983) 147 Cal.App.3d 256, 270-275 [195 Cal.Rptr. 211, 41 A.L.R.4th 653]; *Lutz* v. *De Laurentiis* (1989) 211 Cal.App.3d 1317, 1323-1324 [260 Cal.Rptr. 106].)

Demurrer was properly sustained as to this cause of action because the second amended complaint identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation. The complaint refers to an "effect" of "misleading" appellant's customers, but the facts clearly do not involve deceptive advertising (see Bus. & Prof. Code, §§ 17200 [unfair competition includes deceptive or misleading advertising], 17500 et seq. [specific false advertising practices]), nor do the facts explain the manner of misleading appellant's customers. (Compare *Committee on Children's Television, Inc.* v. *General Foods Corp.*, *supra*, 35 Cal.3d at pp. 213, 214 [complaint described effect of cereal maker's advertising on young children].) The complaint does not describe the manner in which respondent's practice is "unlawful." (*Id.* at pp. 209-210.) The facts do not involve monopolistic or anticompetitive practice (see Bus. & Prof. Code, § 17001), because appellant is not in competition with respondent. Appellant has had three opportunities to plead his theory of unfair business competition, and each amendment has contributed insignificant improvement. The trial court did not err in denying further leave to amend the fourth cause of action. (See *B & P Development Corp.* v. *City of Saratoga* (1986) 185 Cal.App.3d 949, 962 [230 Cal.Rptr. 192].)

### DISPOSITION

As to the second, third, and fourth causes of action in the second amended complaint, the trial court properly sustained the demurrer without leave to amend. As to the first cause of action only, the order of dismissal is reversed

with directions to overrule the demurrer. Costs on appeal are awarded to appellant.

Woods (A. M.), P. J., and Epstein, J., concurred.