Adam LINGAD, Plaintiff,

v.

INDYMAC FEDERAL BANK; MortgageIT, Inc.; Mortgage Electronic Registration Systems, Inc.; Optimum Lending Group, Inc.; Frank Hoi Cheung Wong; Anthony Padua; Does 1–20 inclusive, Defendants.

No. 2:09–cv–02347.

United States District Court, E.D. California.

Jan. 29, 2010.

Sharon L. Lapin, Law Office of Sharon L. Lapin, San Rafael, CA, for Plaintiff.

Karen A. Braje, Reed Smith LLP, San Francisco, CA, Robert J. Cathcart, Cynthia M. Jara, Emily L. Murray, Allen Matkins Leck Gamble Mallory & Natsis LLP, Los Angeles, CA, for Defendants.

Frank Hoi Cheung Wong, Dublin, CA, pro se.

## ORDER GRANTING DEFENDANTS MORTGAGEIT AND MERS' MOTIONS TO DISMISS *

GARLAND E. BURRELL, JR., District Judge.

Defendants MortgageIT, Inc. ("MortgageIT") and Mortgage Electronic Registra-

---

* This matter is deemed to be suitable for decision without oral argument. E.D. Cal. R.

tion Systems, Inc. ("MERS") have each filed motions under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims brought against them in Plaintiff's complaint. (Docket Nos. 7, 15.) MortgageIT also filed a motion under Federal Rule of Civil Procedure 12(f) to strike portions of Plaintiff's complaint. (Docket No. 11.) For the reasons stated below, MortgageIT and MERS' motions to dismiss are GRANTED and MortgageIT's motion to strike is DENIED as MOOT.

## I. LEGAL STANDARDS

A motion under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") "challenges a complaint's compliance with ... pleading requirements." *Champlaie v. BAC Home Loans Servicing, LP*, No. S-09–1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.Cal. Oct. 22, 2009). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests ...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Further, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."

230(g).

*Twombly,* 550 U.S. at 547, 127 S.Ct. 1955. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." *Id.* "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotations and citation omitted).

In evaluating a motion under Rule 12(b)(6), the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *See al-Kidd v. Ashcroft,* 580 F.3d 949, 956 (9th Cir.2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. *See Iqbal,* 129 S.Ct. at 1949–50.

Plaintiff's opposition includes his requests that judicial notice be taken of three documents: (1) a copy of the Deed of Trust securing his mortgage loan, (2) the Assignment of the Deed of Trust and (3) a law review article entitled "Foreclosure, Subprime Mortgage Lending and the Mortgage Electronic Registration System." MERS objects to judicial notice being taken of the law review article, arguing that it is not a fact for which judicial notice is proper.

While, "as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion ... it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment." *U.S. v. 14.02 Acres of Land More or Less in Fresno County,* 547 F.3d 943, 955 (9th Cir.2008) (quotations and citations omitted). However, to take judicial notice of a fact, it must be either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably be questioned." Fed.R.Evid. 201(b). The Deed of Trust and Assignment of Deed of Trust are publicly recorded documents of which judicial notice is proper. However, Plaintiff's third exhibit—a law review article—will not be judicially noticed as it is not a "fact" for which judicial notice is proper. *See Champlaie,* 2009 WL 3429622, at *4 (denying request for judicial notice of same article).

## II. FACTUAL AND PROCEDURAL BACKGROUND

On or about June 28, 2006, Plaintiff obtained a loan from MortgageIT to purchase his home, located at 11820 Slate Falls Way in Rancho Cordova, California. (Compl. ¶¶ 7, 31.) The loan was memorialized in a Promissory Note secured by a Deed of Trust on the property. (*Id.* ¶ 31.) The Deed of Trust identifies MortgageIT as the lender and MERS as the beneficiary and nominee for the lender and the lender's successors and assigns. (*Id.* ¶¶ 31, 32; Request for Judicial Notice, Ex. 1.)

Plaintiff's claims stem from his allegations that Defendants Padua and Wong, a loan officer and real estate broker of Defendant Optimum Lending, channeled him into his allegedly unaffordable mortgage loan. (*Id.* ¶¶ 13, 14, 23–28.) Specifically, Plaintiff alleges that Padua told him that he could get him the "best deal" and the "best interest rates" and that if the loan ever became unaffordable, he would be able to refinance. (*Id.* ¶¶ 24, 28.) Plaintiff also alleges Padua exaggerated Plaintiff's earnings in order to obtain Plaintiff's loan. (*Id.* ¶ 26.)

On August 21, 2009, Plaintiff filed a complaint in this federal district court, alleging nine claims under federal and state law against six Defendants.

### III. *DISCUSSION*

### A. Truth In Lending Act

#### 1. Plaintiff's Rescission Claim

■ MortgageIT argues Plaintiff's Truth In Lending Act ("TILA") claim for rescission of his mortgage loan should be dismissed since TILA does not apply to "purchase-money" loans. (MortgageIT Motion to Dismiss ("MortgageIT MTD") 3:7–26.) Plaintiff "acknowledges that his claim for rescission is inapplicable as to Defendant MortgageIT." (Opp'n to MortgageIT MTD 7 n. 3.) Since residential mortgage transactions are excluded from the right to rescission under TILA, Plaintiff's claim for rescission is dismissed with prejudice. *See* 15 U.S.C. § 1635(e)(1) (providing that the right of rescission does not apply to a "residential mortgage transaction" in which a mortgage or deed of trust is created or retained against the borrower's dwelling to finance the acquisition of the dwelling).

#### 2. Plaintiff's Claim for Damages

■ MortgageIT also argues Plaintiff's TILA claim for damages should be dismissed because his claim is barred by the one-year statute of limitations. (MortgageIT MTD 5:16–6:5.) MortgageIT further argues Plaintiff has failed to plead facts that support the application of equitable tolling. (MortgageIT MTD 6:6–18.) Plaintiff responds, arguing he has plead sufficient facts to show that the statute of limitations period should be equitably tolled.

■ An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The limitation period starts to run "at the consummation of the [loan] transaction." *King v. California,* 784 F.2d 910, 915 (9th Cir.1986). However, the doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances," such as when the borrower did not have reasonable opportunity to discover the alleged fraud or nondisclosures that form the basis of the plaintiff's TILA claim. *Id.* "Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amendable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir.1995) (quotations and citation omitted). Nonetheless, when a plaintiff fails to allege any facts demonstrating that the TILA violations alleged could not have been discovered by due diligence during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate. *See Meyer v. Ameriquest Mortg. Co.,* 342 F.3d 899, 902 (9th Cir.2003) (dismissing TILA claim, despite request for equitable tolling, because plaintiff was in possession of all loan documents and did not allege any concealment or other conduct that would have prevented discovery of the alleged TILA violations during the one year limitations period).

Plaintiff alleges MortgageIT violated TILA by: "(a) failing to provide [the] required disclosures prior to the consummation of the transaction; (b) failing to make required disclosures clearly and conspicuously in writing; (c) failing to timely deliver to Plaintiff notices required by TILA;(d) placing terms prohibited by TILA into the transaction; and (e) failing to disclose all finance charge details and the annual percentage rate based upon properly calculated and disclosed finance charges and amounts financed." (Compl. ¶ 58.) Fur-

ther, Plaintiff alleges that "the facts surrounding his loan transaction were purposefully hidden [from him] to prevent [him] from discovering the true nature of the transaction and the documents involved therein." (*Id.* ¶ 30.) Lastly, Plaintiff alleges these TILA violations were "discovered within the past year, such that any applicable statute of limitations ... should be extended pursuant to the equitable tolling doctrine ...." (*Id.* ¶ 48.)

Plaintiff's allegations are insufficient to invoke the doctrine of equitable tolling. The TILA violations complained of occurred at or prior to the closing of Plaintiff's loan transaction in June 2006, over three years prior to the commencement of this action. Plaintiff fails to explain in his complaint why he was prevented from discovering MortgageIT's alleged TILA violations within the one year statutory period. *See Blanco v. Am. Home Mortg. Servicing, Inc.,* No. CIV 2:09–578 WBS DAD, 2009 WL 4674904, at *3 (E.D.Cal. Dec. 4, 2009) (finding equitable tolling inapplicable since plaintiff failed to offer facts demonstrating how the facts surrounding plaintiff's mortgage were concealed, and did not explain "what prevented her from later reviewing the loan documents, which she admittedly was given at closing ..."). Plaintiff's allegation that "MortgageIT concealed the facts surrounding his mortgage" is conclusory and does not justify application of equitable tolling. Since Plaintiff has not alleged sufficient facts to invoke equitable tolling and suspend the statute of limitations, his TILA claim for damages against MortgageIT is dismissed.

### B. California's Rosenthal Act

■ Both MortgageIT and MERS move to dismiss Plaintiff's Rosenthal Act claims. MortgageIT argues Plaintiff failed to plead this claim with sufficient factual detail. (MortgageIT MTD 6:21–7:21.) MERS similarly argues "Plaintiff's allegations are conclusory and fail to put MERS on fair notice of its alleged wrongdoing...." (MERS MTD 4:7–8.) Plaintiff rejoins that he has satisfied the requirements of Rule 8. (Opp'n to MortgageIT MTD 9:22–23.)

The Rosenthal Act serves to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts." *Arikat v. JP Morgan Chase & Co.,* 430 F.Supp.2d 1013, 1026 (N.D.Cal. 2006) (citing Cal. Civ.Code § 1788.1) (emphasis omitted). However, the Act only governs the conduct of a "debt collector," which under the statute is defined as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself ... engages in debt collection." Cal Civ.Code. § 1788.2.

Plaintiff alleges "Defendants are debt collectors" and their "actions constitute a violation of the Rosenthal Act in that they threatened to take actions not permitted by law, including but not limited to ...: collecting on a debt not owed to [them], making false reports to credit reporting agencies, falsely stating the amount of a debt, increasing the amount of a debt by including amounts that are not permitted by law or contract, and using unfair or unconscionable means in an attempt to collect a debt." (Compl. ¶ 68.)

Plaintiff's allegations, however, "are too vague to give rise to any inference that a specific defendant has violated" the Rosenthal Act. *Arikat,* 430 F.Supp.2d at 1027 (dismissing as too vague, Rosenthal Act claim that alleged all violations against all defendants without specifying each defendant's individual conduct). Plaintiff's complaint is also deficient since it fails to allege which sections of the Rosenthal Act MortgageIT and MERS, respectively, violated. *See Blanco,* 2009 WL 4674904, at *4 (dismissing claim under Rosenthal Act,

in part, for failing to identify the provisions of the statute allegedly violated). Therefore, Plaintiff's Rosenthal Act claims against MortgageIT and MERS is dismissed.

## C. Negligence

MortgageIT and MERS also argue that Plaintiff's negligence claims should be dismissed since Plaintiff has failed to plead any facts establishing that either Defendant owed Plaintiff a duty of care which could give rise to a negligence claim.[1] (MortgageIT MTD 8:18–9:21; MERS 5:4–18.) Plaintiff argues "MortgageIT owed a general duty of care to Plaintiff to perform its lender function in such a manner as to not cause Plaintiff harm" and "MERS owed Plaintiff a duty to perform its administrative function of recording, maintaining and transferring documents as it relates to Plaintiff's loans in a manner as not to cause Plaintiff harm." (Opp'n to MortgageIT MTD 12:14–23; Opp'n to MERS MTD 14:17–20.)

"The elements of a cause of action for negligence are: the defendant had a duty to use due care, . . . he or she breached that duty, and . . . the breach was the proximate or legal cause of the [plaintiff's] resulting injury." *Vasquez v. Residential Invs., Inc.*, 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004). "[T]he threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another . . . . Whether this essential prerequisite has been satisfied in a particular case is a question of law." *Glenn K. Jackson, Inc. v. Roe*, 273 F.3d 1192, 1196–97 (9th Cir.2001) (applying California law) (quotations and citations omitted).

"Under California law, a lender does not owe a borrower or third party any duties beyond those expressed in the loan agreement, excepting those imposed due to special circumstances . . . ." *Resolution Trust Corp. v. BVS Development, Inc.*, 42 F.3d 1206, 1214 (9th Cir.1994) (citing *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991)). "Special circumstances" giving rise to a duty of care may exist when the "lender actively participates in the financed enterprise beyond the domain of the usual money lender." *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal.App.3d 1089, 1096, 283 Cal.Rptr. 53 (1991). This rule also applies to loan servicers. *Azzini v. Countrywide Home Loans*, No. 09–cv–787 DMS (CAB), 2009 WL 5218042, at *2 (S.D.Cal. Dec. 29, 2009). However, a lender may be held vicariously liable for negligence "when the lender actively participates in the negotiations of a loan, including through a broker as the lender's agent." *Mangindin v. Washington Mut. Bank*, 637 F.Supp.2d 700, 710 (N.D.Cal.2009) (quotations and citations omitted); *see also Wong v. Am. Servicing Co.*, No. 2:09–cv–01506, 2009 WL 5113516 FCD/DAD, at *6 (E.D.Cal. Dec. 18, 2009) ("A lender may also be secondarily liable through the actions of a mortgage broker, who has a fiduciary duty to its borrower-client, if there is an agency relationship between the lender and the broker.")

Plaintiff alleges MortgageIT was the lender for his loan and MERS was the beneficiary and nominee for the lender and the lender's successor and assigns. (Compl. ¶¶ 31, 32.) Plaintiff further alleges MortgageIT and MERS "owed a duty to [him] to perform acts in such a manner

---

**1.** MortgageIT also argues Plaintiff's negligence claim is barred by the two year limitations period imposed by California Civil Code Section 339. However, since Plaintiff's negligence claim against MortgageIT is dismissed on other grounds, this argument is not reached.

as to not cause [him] harm" and that they "breached [this duty] . . . when they failed to maintain the original Mortgage Note, failed to properly create original documents, failed to make the required disclosures to [him,] . . . took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of [his] creditworthiness to various credit bureaus . . . ." (*Id.* ¶¶ 75–76.) Plaintiff also alleges "MortgageIT employed brokers and loan officers who were paid commissions based on the volume of loans they sold to consumers, including Plaintiff's loan . . . [and] MortgageIT's loan officers received a greater commission or bonus for placing borrowers in loans with relatively high yield spread premiums. As such, borrowers, Plaintiff included, were steered and encouraged into loans with terms unfavorable to them, or loans which the borrowers, Plaintiff included, were not qualified to obtain." (*Id.* ¶ 35.)

However, Plaintiff's negligence claim against MERS fails because he has not alleged any conduct by MERS that was outside the scope of its conventional role as a loan servicer. Plaintiff, therefore, has not pled facts demonstrating that MERS owed him a duty of care. *See Azzini,* 2009 WL 5218042, at *2 (dismissing negligence claim against loan servicer). Accordingly, Plaintiff's negligence claim against MERS is dismissed.

Plaintiff's allegations against MortgageIT are also insufficient to establish that MortgageIT owed him a duty of care. Plaintiff argues that MortgageIT exceed its role as a lender by "knowingly participat[ing] with broker Defendants to place Plaintiff into [a] toxic loan [ ] with predatory terms . . . ." (Opp'n to MortgageIT MTD 12:25–28.) However, Plaintiff has not plead facts demonstrating that an agency relationship existed between Mort-

gageIT and the broker Defendants who sold Plaintiff his loan. Plaintiff alleges that Defendants Wong and Padua sold him his loan and that they were a real estate broker and loan officer for Defendant Optimum Lending. (Compl. ¶¶ 12–14.) Plaintiff, therefore, has not alleged the existence of an agency relationship between Wong and Padua and MortgageIT. Accordingly, Plaintiff has not demonstrated that MortgageIT owed him a duty of care and his negligence claim against MortgageIT is dismissed.

Plaintiff counters his allegations state a claim against MortgageIT for civil conspiracy to commit negligence. Specifically, Plaintiff contends "Defendant MortgageIT engaged in a civil conspiracy with broker and loan officer Defendants to place borrowers, Plaintiff included, in loans with relatively high yield spread premiums . . . ." (Opp'n to MortgageIT MTD 12:23–25.)

■ "The elements of an action for civil conspiracy are (1) formation and operation of the conspiracy; and (2) damage resulting to plaintiff (3) from a wrongful act done in furtherance of a common design." *Rusheen v. Cohen,* 37 Cal.4th 1048, 1062, 39 Cal.Rptr.3d 516, 128 P.3d 713 (2006). "Civil conspiracy allows imposition of vicarious liability on a party who owes a tort duty, but who did not personally breach that duty." *See Gonzalez v. First Franklin Loan Services,* No. 1:09–CV–00941 AWI–GSA, 2010 WL 144862, at *11 (E.D.Cal. Jan. 11, 2010) (dismissing claim for civil conspiracy to commit negligence). However, even when these elements are established, a conspirator cannot be liable unless he personally owed a duty of care to Plaintiff that was breached. *See Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 512, 28 Cal.Rptr.2d 475, 869 P.2d 454 (1994). Since Plaintiff has not pled facts demonstrating that MortgageIT

owed him a duty of care, Plaintiff has not alleged a viable civil conspiracy claim against MortgageIT. Therefore, Plaintiff has failed to state a claim against MortgageIT for civil conspiracy to commit negligence.

### D. Real Estate Settlement Procedures Act

MortgageIT also argues Plaintiff's Real Estate Settlement Procedures Act ("RESPA") claims should be dismissed because there is no private cause of action for violation of RESPA's disclosure requirements and, further, MortgageIT is not a "loan servicer" that may be held liable under RESPA. (MortgageIT MTD 10:9–11–10.) Plaintiff rejoins that under RESPA, MortgageIT was required to make certain disclosures to Plaintiff at the time his mortgage loan closed. (Opp'n to MortgageIT MTD 6–12.)

RESPA requires that lenders provide borrowers with a standard disclosure form at or before the "settlement" of a mortgage loan transaction. 12 U.S.C. § 2603(b). The disclosure form is required to "conspicuously and clearly itemize all charges imposed upon the borrower and ... the seller ... in connection with the settlement ...." 12 U.S.C. § 2603(a). RESPA also requires that lenders and loan servicers make certain disclosures and communications to the borrower regarding the servicing of a mortgage loan. *See* 12 U.S.C. § 2605.

 Plaintiff's complaint alleges "MortgageIT violated RESPA at the time of closing of the [l]oan ... by failing to correctly and accurately comply with [RESPA's] disclosure requirements." (Compl. ¶ 82.) However, there is no private right of action for violations of Section 2603's disclosure requirements. *Bloom v. Martin,* 865 F.Supp. 1377, 1384 (N.D.Cal. 1994) (finding that Congress did not intend to create a private right of action for violations of Section 2603), *aff'd,* 77 F.3d 318 (1996). Further, the disclosure provisions of RESPA that do confer a private right of action do not pertain to disclosures at a loan's closing. *Lopez v. Wachovia Mort.,* 2:09–CV01510–JAM–DAD, 2009 WL 4505919, at *3 (Nov. 20, 2009). Therefore, Plaintiff's RESPA claim brought under Section 2603 against MortgageIT is dismissed with prejudice.

 Plaintiff also alleges "Defendants have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605." (Compl. ¶ 84.) However, Plaintiff has not alleged that MortgageIT is either a lender or a loan servicer to whom the requirements of section 2605 apply. Plaintiff merely alleges that he "is not certain at this time exactly which of Defendants was actually the servicer of [his][l]oan at any given time." (*Id.* ¶ 81.) Without alleging that MortgageIT was a lender or loan servicer for the purposes of Section 2605, Plaintiff's claim cannot survive MortgageIT's dismissal motion.

Plaintiff's opposition raises the novel argument that "it remains unclear whether ... Defendant MortgageIT ... received 'kickbacks' or referral fees disproportional to the work performed, which is prohibited under 12 U.S.C. § 2607(a)." (Opp'n to MortgageIT MTD 1416–23.) Plaintiff's complaint, however, makes no mention of that provision nor alleges any facts suggesting that its requirements were violated. A motion to dismiss "addresses the present state of the pleadings, not what an amended complaint might state." *Champlaie,* 2009 WL 3429622, at *7. Therefore, these new allegations will not be considered and Plaintiff's RESPA claim against MortgageIT is dismissed.

### E. Breach of Fiduciary Duty

 MortgageIt further argues Plaintiff's claim for breach of fiduciary duty should be dismissed because a lender does not owe a fiduciary duty to a borrower under California law. (MortgageIT MTD 11:25–12:17.) Plaintiff counters that MortgageIT owed him a fiduciary duty because it "directly ordered, authorized or participated in [the] broker Defendants tortious conduct when it knowingly and intentionally approved a loan to Plaintiff ... [, and] interfered with broker Defendants' fiduciary obligations by offering them financial incentives to violate Plaintiff's trust." (Opp'n to MorgageIT's MTD 16:2–7.)

 To state a claim for breach of fiduciary duty, a plaintiff must show: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused by the breach. *Roberts v. Lomanto*, 112 Cal.App.4th 1553, 1562, 5 Cal.Rptr.3d 866 (2003). However, "[a]bsent special circumstances ... a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App.4th 453, 466, 51 Cal.Rptr.3d 561 (2006). "A commercial lender is entitled to pursue its economic interest in a loan transaction. This right is inconsistent with the obligations of a fiduciary, which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Gonzalez*, 2010 WL 144862, at *13. A lender, however, may be held vicariously liable for breach of fiduciary duty when a broker, who is an agent of the lender, breaches a fiduciary duty owed to the borrower. *Id.*

Plaintiff alleges "Defendants, by and through their agents, owed [him] a fiduciary duty ... to act primarily for his benefit, to act with proper skill and diligence, and not to make a personal profit from the agency ...." (Compl. ¶ 91.) Plaintiff also alleges that "MortgageIT directly ordered, authorized or participated in Defendants Optimum [Lending] and Wong's tortious conduct." (*Id.* ¶ 88.) Plaintiff further alleges "MortgageIT ... interfered with Defendants Wong and Padua's fiduciary obligations by offering Wong and Padua incentives to breach their fiduciary duty by means of creating and participating in a scheme that created an illusion to consumers that they are being informed of all of the material facts, when in fact they are not." (*Id.* ¶ 94.)

Plaintiff's breach of fiduciary duty claim against MortgageIT fails for the same reason his negligence claim fails. Plaintiff argues MortgageIT owed him a fiduciary duty resulting from its influence over its brokers. However, Plaintiff has not alleged that an agency relationship existed between MortgageIT and Defendants Padua and Wong, who sold Plaintiff his loan. Plaintiff, therefore, has not pled facts demonstrating that MortgageIT owed Plaintiff a fiduciary duty which could give rise to a claim for breach of that duty. Accordingly, Plaintiff's breach of fiduciary duty claim against MortgageIT is dismissed.

### F. Fraud

 Both MortgageIT and MERS argue Plaintiff's fraud claims should be dismissed because Plaintiff's complaint fails to comply with the heightened pleading standard required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). Plaintiff argues he has satisfied Rule 9(b)'s requirements.

 Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court,*

12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377, 909 P.2d 981 (1996). A claim for fraud in federal court, however, must satisfy Rule 9(b)'s particularity requirements. *See Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1103 (9th Cir.2003). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 671–72 (9th Cir.1993) (quotations and citations omitted).

Plaintiff alleges in his fraud claim that Defendants Padua and Wong made false representations to Plaintiff, at the inception of his loan transaction regarding interest rates, financing options, the availability of refinancing and Plaintiff's qualifications for the loan. (Compl. ¶ 98.) Plaintiff also alleges "MortgageIT regularly trained, directed, authorized and/or participated with mortgage brokers to implement [a] scheme, giving them monetary incentives to violate the borrowers' trust"; and "MERS misrepresented to Plaintiff on the Deed of Trust that it is a qualified beneficiary with the ability to assign or transfer the Deed of Trust and/or the Note and/or substitute trustees under the Deed of Trust" and "misrepresented that it followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries." (Compl. ¶¶ 99, 101.)

Plaintiff's fraud claims clearly fail to satisfy the requirements of Rule 9(b). Although Plaintiff alleges Defendants Wong and Padua made false representations at the inception of Plaintiff's loan transaction, Plaintiff fails to adequately allege how the moving Defendants are responsible for those alleged misrepresentations. Further, Plaintiff's allegations against MERS do not include the time, date, place, or benefits resulting from MERS allegedly fraudulent activity. Since Plaintiff's fraud claims against MortgageIT and MERS fail to satisfy Rule 9(b), they are dismissed.

### G. Breach of Contract

MortgageIT also argues Plaintiff's claim for breach of contract should be dismissed since Plaintiff has not alleged that MortgageIT made a promise to provide Plaintiff with an affordable loan or to refinance his loan. (MortgageIT MTD 16:23–17:10.) Plaintiff argues MortgageIT is a party to the loan agreement and under the terms of the agreement, Plaintiff was promised an affordable loan with the "best interest rates on the market" and the ability to refinance his loan when it became unaffordable. (Opp'n to MortgageIT MTD 20.)

To state a claim for breach of contract under California law, a plaintiff "must plead and prove (1) a contract, (2) plaintiff's performance or excuse for non-performance, (3) defendant's breach, and (4) damages to Plaintiffs." *Troyk v. Farmers Group, Inc.*, 171 Cal.App.4th 1305, 1352, 90 Cal.Rptr.3d 589 (2009).

Plaintiff alleges he "entered into an agreement with Defendants MortgageIT, Padua, Wong, whereby Defendants promised to provide Plaintiff with an affordable loan" and they breached the agreement by "failing to provide Plaintiff with an affordable loan." (Compl. ¶ 118.) However, earlier in his complaint, Plaintiff alleges that it was Defendant Padua who told him that "he could get him the best deal and the best interest rates" and that if the loan became unaffordable, it could be refinanced. (*Id.* ¶¶ 24, 28.) Plaintiff, therefore, has not alleged that these oral promises made by Padua were incorporated into his loan agreement with MortgageIT or

that MortgageIT was aware of or agreed to those terms. Plaintiff, therefore, has not demonstrated that his loan agreement with MortgageIT included the promises that were allegedly breached. Accordingly, Plaintiff's breach of contract claim against MortgageIT cannot survive MortgageIT's dismissal motion. *See Logan v. Resmae Mortg. Corp.*, No. 2:09–cv–016132–MCE–GGH, 2009 WL 5206716, at *4 (E.D.Cal. Dec. 24, 2009) (dismissing breach of contract claim with same allegations).

### H. Breach of Implied Covenant of Good Faith and Fair Dealing

■ MortgageIT argues Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed since "it is nothing more than an improper effort to impose a fiduciary duty where none exists." (MortgageIT MTD 18:2–3.) MortgageIT further argues that the alleged breaches concern "pre-contract" statements and disclosures which are not actionable under a claim for breach of the implied covenant of good faith and fair dealing. (MortgageIT MTD 9–10.) Plaintiff rejoins his allegations demonstrate "MortgageIT is guilty of not dealing in good faith." (Opp'n to MortgageIT MTD 21.)

"Generally, every contract, ... imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799, 71 Cal. Rptr.3d 885 (2008) (quotations and citations omitted). "[T]he implied covenant operates to protect the express covenants or promises of [a] contract. In essence, the covenant is implied as a *supplement* to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." *Id.* at 806, 71 Cal.Rptr.3d

885 (quotations and citations omitted) (emphasis in original). Therefore, the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties] agreement." *Id.*

Under California law, "no cause of action for the tortious breach of the implied covenant of good faith and fair dealing can arise unless the parties are in a 'special relationship' with 'fiduciary characteristics.'" *Pension Trust Fund v. Federal Ins. Co.*, 307 F.3d 944, 955 (9th Cir.2002) (applying California law) (citing *Mitsui Mfrs. Bank v. Superior Court*, 212 Cal. App.3d 726, 730, 260 Cal.Rptr. 793 (1989)). "A central test of whether a lender is subject to this tort is whether there is a fiduciary relationship in which the financial dependence or personal security by the damaged party has been entrusted to the other." *Id.* (quotations and citations omitted). Further, the implied covenant "does not require parties to negotiate in good faith prior to any agreement." *McClain*, 159 Cal.App.4th at 799, 71 Cal.Rptr.3d 885.

Plaintiff's complaint alleges "a duty of good faith and fair dealing was implied by law into the contract at issue in this action" and "Defendants ... breached the duty of good faith and fair dealing by: (a) [f]ailing to pay at least as much regard to Plaintiff's interests as to Defendants' interests; (b) failing to disclose to Plaintiff the true nature of the loan that is the subject of this action; [and] (c) failing to give Plaintiff the requisite notice and disclosures." (Compl. ¶¶ 122–23.)

Plaintiff's claim, however, fails since he has not alleged what contract forms the basis of his claim; nor has he identified any express provision which has been frustrated by MortgageIT's conduct. Further, Plaintiff has not alleged the existence of any "special relationship" between him and MortgageIT to invoke the implied cove-

nant. Lastly, to the extent Plaintiff's claim is based upon conduct occurring during pre-contract negotiations, the implied covenant does not apply. Therefore, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing against MortgageIT is dismissed.

### I. California Business & Professions Code § 17200

Lastly, both MortgageIT and MERS argue Plaintiff's claim under California Business & Professions Code § 17200 *et seq.* (the "UCL") should be dismissed. MortgageIT argues Plaintiff's claim is deficient since it is premised upon his other claims, none of which state a viable claim. (MortgageIT MTD 15:19–24.) MERS argues Plaintiff's UCL claim is vague and conclusory and does not give MERS fair notice of the basis upon which it is being sued. (MERS MTD 6:20–7:9.) Plaintiff argues his UCL claim is sufficient since he has alleged "multiple violations ... of specific statutory and common law provisions under federal and state laws ...." (Opp'n to MortgageIT MTD 18:17–20.)

California's UCL "prohibits specific practices which the legislature has determined constitute unfair trade practices." *Cel–Tech Commc'ns Inc. v. L.A. Cellular Telephone Co.,* 20 Cal.4th 163, 179, 83 Cal. Rptr.2d 548, 973 P.2d 527 (1999) (quotations and citations omitted). "[A]n action based on [the UCL] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations ... as unlawful practices, independently actionable under section 17200 et seq. and subject to the distinct remedies provided thereunder." *Farmers Ins. Exchange v. Superior Court,* 2 Cal.4th 377, 383, 6 Cal. Rptr.2d 487, 826 P.2d 730 (1992) (quotations and citations omitted). "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statuto-

ry elements of the violation." *Khoury v. Maly's of California, Inc.,* 14 Cal.App.4th 612, 619, 17 Cal.Rptr.2d 708 (1993).

Plaintiff alleges "Defendants acts alleged [in the complaint] constitute unlawful, unfair, and /or fraudulent business practices, as defined" under the UCL. (Compl. ¶ 111.) Further, Plaintiff alleges "[a]s a result of Defendants' wrongful conduct, Plaintiff has suffered various injuries according to proof at trial." (*Id.* ¶ 112.)

Plaintiff's UCL claims against MortgageIT and MERS are deficient. First, Plaintiff's claim is vague and conclusory and he fails to state any supporting facts. Plaintiff has neither differentiated between the conduct of MortgageIT and MERS; nor has he identified a specific practice of either Defendant that he contends is "unfair" or "fraudulent." Plaintiff's allegations, therefore, lack the "reasonable particularity" that is required to state a claim under the UCL. Second, Plaintiff's UCL claim is entirely premised upon the other claims he alleges in his complaint, all of which fail to state a claim. Since none of his other claims are viable, by necessity, his UCL claim must also fail. Therefore, Plaintiff's UCL claims against MortgageIT and MERS are dismissed.

### IV. CONCLUSION

For the stated reasons, MortgageIT and MERS' motions to dismiss are GRANTED and Plaintiff's complaint is DISMISSED. Since all claims against MortgageIT are dismissed, MortgageIT's motion to strike is DENIED as MOOT. Plaintiff, however, is granted leave to amend any claim that has not been dismissed with prejudice. Any amended pleading shall be filed within fourteen (14) days of the date on which this order is filed.