**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

JUN 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **CYCALONA GOWEN**,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>**TILTWARE LLC; POCKET KINGS LIMITED; POCKET KINGS CONSULTING, LIMITED; KOLYMA CORPORATION; TILTPROOF, INC.; RAYMOND BITAR; HOWARD LEDERER**,<br><br>Defendants - Appellees. | No. 10-15468<br><br>D.C. No. 2:08-cv-01581-RCJ-RJJ<br><br>**MEMORANDUM**\* |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Argued April 13, 2011
Resubmitted June 9, 2011
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    **KOZINSKI**, Chief Judge, **N.R. SMITH**, Circuit Judge, and **BLOCK**, District Judge.**

Because the district court dismissed all of Gowen's claims, we must accept the factual allegations in her complaint as true.  See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

**1.**  The district court correctly dismissed all claims against Pocket Kings Ltd., Pocket Kings Consulting Ltd., Kolyma Corp. and Tiltproof, Inc.  Gowen didn't allege that these companies were alter egos of Tiltware, nor did she plead facts establishing personal jurisdiction in Nevada.  See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801–02, 807 (9th Cir. 2004); Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1156–57 (9th Cir. 2006).

**2.**  The district court correctly dismissed the claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Bitar, Lederer and the individual members of Team Full Tilt because Gowen failed to allege any facts showing that they're alter egos of Tiltware.  The court correctly dismissed the breach of fiduciary duty, fraudulent conveyance and declaratory judgment claims against all defendants because Gowen didn't allege facts sufficient to state a

***
**    The Honorable Frederic Block, Senior District Judge for the Eastern District of New York, sitting by designation.

plausible claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). For the same reason, the court correctly dismissed the unjust enrichment and fraud claims against the individual members of Team Full Tilt. See id. Amendment of the above claims would be futile, so the court didn't abuse its discretion in denying leave to do so. See Fed. R. Civ. P. 15(a).

**3.** The district court erred in dismissing the breach of contract and promissory estoppel claims against Tiltware. Gowen alleged that Tiltware promised orally to provide her with a "1% ownership interest" and make distribution payments based on that interest once the company became profitable. She promised to join Team Full Tilt. Taken as true, these allegations are specific enough to survive a motion to dismiss. See Khoury v. Maly's of Cal., Inc., 17 Cal. Rptr. 2d 708, 710 (Ct. App. 1993). The terms of the contract don't preclude performance within one year, so an oral contract is valid. See Foley v. Interactive Data Corp., 765 P.2d 373, 381 (Cal. 1988). Because Gowen alleged an enforceable contract, the district court shouldn't have dismissed the claims against Tiltware for breach of the implied covenant of good faith and fair dealing, specific performance and an accounting.

**4.** Gowen alleged that Tiltware used her celebrity status to promote the Full Tilt Poker brand, and that she was entitled to compensation for such use. These allegations state a claim for unjust enrichment. See Day v. Alta Bates Med. Ctr., 119 Cal. Rptr. 2d 606, 609 (Ct. App. 2002).

**5.** The district court erred in dismissing the fraud and negligent misrepresentation claims against Bitar and Lederer. Bitar promised over the phone to give Gowen an ownership interest in his company, and Bitar and Lederer discussed Gowen's purported ownership interest with her at the Golden Nugget Casino. Gowen relied on Bitar's and Lederer's promises when she joined Team Full Tilt, but Bitar and Lederer knew that no ownership interest had been or would be given to her. These allegations meet Rule 9(b)'s heightened pleading standard. See Sanford v. Memberworks, Inc., 625 F.3d 550, 558 (9th Cir. 2010); cf. Fanucchi & Limi Farms v. United Agri Prods., 414 F.3d 1075, 1088 (9th Cir. 2005).

**6.** Gowen discovered her injury in 2007, when she saw other Team Full Tilt members begin to receive the promised distribution payments. She timely filed suit within two years of discovering her injury. See Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 921 (Cal. 2005); see also Cal. Code Civ. P. §§ 338(d), 339.

**AFFIRMED in part and REVERSED in part. No costs.**