Filed 4/20/16  Hedman v. First American Title Ins. Co. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| KEITH OLIN HEDMAN, | C078538 |
| Plaintiff and Appellant, | (Super. Ct. No. 3-92014-00307185-CU-OR-STK) |
| v. | |
| FIRST AMERICAN TITLE INSURANCE COMPANY et al., | |
| Defendants and Respondents. | |

Keith Olin Hedman, proceeding in propria persona, brought suit against First American Title California, First American Title Financial Corp., and First American Title Insurance Company (collectively First American) and many others after the recording of a notice of trustee's sale against his home.[1] The complaint purported to assert causes of action for intentional misrepresentation, conspiracy, unfair business practices (Bus. & Prof. Code, § 17200), and violations of Civil Code section 2924. First American demurred, claiming the complaint failed to state facts sufficient to state a cause of action and the complaint was uncertain and unintelligible. In particular, First American asserted there were no allegations that it had any role in the foreclosure and it was not a party to the loan, or the original or successor trustee. The trial court sustained the demurrer with leave to amend. After Hedman failed to file an amended complaint, the court entered a judgment of dismissal.

Hedman, again acting as his own attorney, appeals. His opening brief is rambling and disorganized, to the point where it is difficult to understand his arguments. He contends the complaint does state viable causes of action, but he fails to address the point that the complaint alleges *no involvement* in either the loan or the foreclosure process by First American. Because Hedman has failed to plead a proper cause of action against First American, we affirm the judgment of dismissal.[2]

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2004, the Hedmans purchased a house in Mountain House, California (the property). They borrowed $333,700 from CMG Mortgage, Inc. (CMG), to finance the

---

[1] The complaint named both Keith Hedman and his wife Adrialyn Hedman as plaintiffs. Because Keith Hedman is not a licensed attorney, he cannot represent anyone other than himself. (*Russell v. Dopp* (1995) 36 Cal.App.4th 765, 775-776.)

[2] Hedman requested oral argument in this case and appeared in the courtroom. He refused to identify himself by name and properly state his appearance, despite our multiple requests that he do so. We deemed his case submitted on the briefs.

purchase.  The promissory note was secured by a deed of trust on the property.  Under the deed of trust, CMG was listed as the lender, North American Title Company as the trustee, and MERS as the nominee.

In 2013, MERS, as nominee of CMG, assigned the deed of trust to Nationstar Mortgage LLC.  Nationstar substituted NDEx West, LLC as trustee.  That July, NDEx West recorded a notice of default and election to sell the property.  The notice stated a payment of $28,413.79 was due.  In October, NDEx West recorded two different notices of sale, each indicating the sale was scheduled for November 21, 2013.

On February 4, 2014, Hedman filed suit.  The complaint named over 20 defendants, including First American.  The complaint alleged the Hedmans were unable to refinance the loan because they were told there was "something wrong" with the paperwork.  The complaint alleged the Hedmans had rescinded their signatures and cancelled the mortgage due to constructive fraud.  It alleged the assignment of the deed of trust and the substitution of trustee were invalid and defendants lacked standing to pursue the foreclosure.  A nonjudicial foreclosure was scheduled for February 4, 2014.  The complaint also contained rambling allegations of false and forged documents, robo-signing, improper securitization of the deed of trust, and other alleged acts of fraud.  The complaint does not name First American individually in any of the factual allegations.

The complaint sets forth four causes of action, none of which mention First American by name.  These causes of action are for intentional misrepresentation, conspiracy, unfair business practices under Business and Professions Code section 17200 and violations of Civil Code section 2924.  The complaint sought an injunction of the scheduled sale as well as cancellation of:  the notice of default; the two notices of trustee sale; the substitution of trustee; any assignments; and the trustee deed upon sale.  It also sought a determination of who owned the property, damages, punitive damages, and attorney fees.

3

First American demurred on the basis that the complaint failed to set forth facts sufficient to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) It also specially demurred on the basis that the complaint was uncertain and unintelligible. (*Id.,* subd. (f).) First American argued there were no allegations that it had any role in the foreclosure, made any misrepresentations, committed any wrongful acts, or violated any foreclosure statute. First American argued the complaint was uncertain and unintelligible because it contained no charging allegations against First American.

In a supplemental memorandum of points and authorities, First American advised that the Hedmans had filed a petition in bankruptcy. The bankruptcy had been converted to Chapter 7, which First American argued meant the bankruptcy trustee was now the proper plaintiff. First American requested judicial notice of supporting documents from the bankruptcy court.

In opposition to the demurrer, Hedman sought leave to amend if any cause of action had not been properly pleaded. He argued a pattern of behavior of wrongdoing was shown by First American's past fraudulent actions. He requested judicial notice of articles about a lawsuit in Florida against First American and fines imposed against First American in Minnesota. He argued he had properly pleaded causes of action for breach of contract, unjust enrichment, cancellation, constructive fraud, and negligence, although these were not the causes of action set forth in the complaint. He did not address the complaint's failure to make any specific allegation against First American.

The trial court took judicial notice of plaintiffs' bankruptcy, sustained the demurrer for lack of standing, and abated the matter. In September 2014, after the bankruptcy trustee was discharged, the court vacated the abatement.

4

On November 5, 2014, the court sustained the demurrer to all causes of action with leave to amend.[3] The court found Hedman failed to plead fraud with the required specificity, and the second and third causes of action relied upon the fraud count. In the fourth cause of action, Hedman was challenging the authority of various defendants to proceed with a nonjudicial foreclosure and the court found such a challenge was foreclosed by *Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149. (CT 1071)

On December 3, 2014, First American filed an ex parte application for dismissal with prejudice for failure to file timely an amended complaint. The court granted the application the next day.

On December 9, 2014, Hedman moved for 20 to 60 days leave to amend the complaint. The motion set forth that he had hired a handwriting expert to prove some signatures on the foreclosure papers were a fraud and "[m]uch new information has been discovered."

The court entered a judgment of dismissal.

Hedman moved to set aside the dismissal. He claimed he had been ill with a respiratory infection from the end of October until the first week of December. He provided a note from his doctor, stating that Hedman had been ill for three weeks prior to November 21, 2014.

The trial court denied both the motion to set aside the dismissal and the motion to amend the complaint.

---

[3] The order did not specify the time allowed for filing an amended complaint. In such cases, an amended complaint must be filed within 10 days. (Cal. Rules of Court, rule 3.1320(g).)

Hedman filed a notice of appeal from the judgment "rec'd 1/16/15 & 12/15/14."

We must liberally construe the notice of appeal. (Cal. Rules of Court, rule 8.100(a)(2).)

The judgment of dismissal was filed December 15, 2014, and the register of actions

indicates notice of entry of judgment was filed January 16, 2015. We construe the notice

of appeal as an appeal from that judgment.

## DISCUSSION

### I

*Hedman's Pro Per Status*

We recognize that Hedman is representing himself both in the trial court and on

appeal. However, contrary to his assertion that he "must be held to a less stringent

standard then [*sic*] formal pleadings drafted by bar admitted attorneys," he is not entitled

to special treatment. "Pro. per. litigants are held to the same standards as attorneys.

[Citations.]" (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) "A

doctrine generally requiring or permitting exceptional treatment of parties who represent

themselves would lead to a quagmire in the trial courts, and would be unfair to the other

parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

Like First American, we find Hedman's brief difficult to read. He fails to comply

with the standards for an appellate brief set forth in rule 8.204 of the California Rules of

Court. Most significantly, he fails to provide a summary of the significant facts in the

record. (Cal. Rules of Court, rule 8.204(a)(2)(C).) Much of the brief rambles about

extraneous matters and fails to address the point at issue, whether Hedman has stated a

viable cause of action against First American. For purposes of readability, the greater

problem is the failure to follow the form requirements of the Rules of Court (*id.*, (b))--or

even accepted practices of written English--such as inserting spaces between words and

separating different topics by creating paragraphs. Much of the brief appears to be cut

and pasted from other documents, resulting in a large variety of fonts which are

distracting and confusing.

Despite the many flaws in the opening brief, and First American's reasonable request that we strike it, we have undertaken a thorough review of Hedman's claims. "On appeal from a dismissal after an order sustaining a demurrer, we review the order de novo, exercising our independent judgment about whether the complaint states a cause of action as a matter of law.  [Citations.]"  (*Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.)

II

*Hedman Failed to State a Cause of Action for Intentional Misrepresentation*

The first cause of action in the complaint is for intentional misrepresentation. Intentional misrepresentation is a type of fraud.  (Civ. Code, § 1710(1) ["[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true"].)  The elements of a cause of action for fraud by intentional misrepresentation are (1) a misrepresentation, (2) made with knowledge of its falsity, (3) intent to defraud or to induce reliance, (4) justifiable reliance, and (5) resulting damage.  (*R & B Auto Center, Inc. v. Farmers Group, Inc*. (2006) 140 Cal.App.4th 327, 377.)

"In California, fraud must be pled specifically; general and conclusory allegations do not suffice.  [Citations.]"  (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645.)  "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.  [Citations.]"  (*Tarmann v. State Farm Mut. Auto. Ins. Co*. (1991) 2 Cal.App.4th 153, 157.)

The complaint alleges that representations made by Nationstar, NDEx West, various Aurora entities, CMG, Lehman Brothers Bank FSB, and UAMC were false. There is no allegation of any misrepresentation by anyone from or on behalf of First American.  Accordingly, Hedman failed to state a cause of action for misrepresentation against First American.

7

## III

### *Hedman Failed to State a Cause of Action for Conspiracy*

The second cause of action in the complaint is for conspiracy. It is based on the alleged misrepresentations and alleges that all defendants "have formed and continue to operate a scheme to facilitate wrongful foreclosure for economic gain and profit."

"Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd*. (1994) 7 Cal.4th 503, 510-511.) "To support a conspiracy claim, a plaintiff must allege the following elements: '(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the conspiracy, and (3) damages arising from the wrongful conduct.' [Citations.]" (*Arei II Cases* (2013) 216 Cal.App.4th 1004, 1022.) "To state a cause of action for conspiracy, facts must be alleged showing the formation and operation of a conspiracy and damage resulting from an act or acts done in furtherance of the plan." (*Orloff v. Metropolitan Trust Co*. (1941) 17 Cal.2d 484, 488.) A bare allegation that defendants conspired is insufficient. (*Arei II Cases,* at p. 1022.)

The complaint contains no allegations that First American was involved in the formation of any conspiracy. There are no allegations that First American agreed or conspired with anyone or had any part in the alleged wrongful foreclosure or the alleged misrepresentations. Accordingly, Hedman failed to state a cause of action against First American for conspiracy.

## IV

### *Hedman Failed to State a Cause of Action for Unfair Business Practices*

The third cause of action in the complaint alleged unfair business practices under Business and Professions Code section 17200. The complaint alleges defendants used

8

false documents, manufactured documents, used robo-signers, and used other unlawful practices "to facilitate quicker foreclosures."

A plaintiff alleging an unfair business practice "must state with reasonable particularity the facts supporting the statutory elements of the violation." (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) A demurrer is properly sustained where the complaint "identifies no particular section of the statutory scheme which was violated and fails to describe with any reasonable particularity the facts supporting violation." (*Ibid.*)

The complaint fails to meet the requirement of sufficient particularity. It alleges no facts supporting a statutory violation by First American. Indeed, it alleges no acts by First American at all. Hedman failed to state a cause of action against First American for unfair business practices.

V

*Hedman Failed to State a Cause of Action for Wrongful Foreclosure*

The fourth cause of action in the complaint alleged violations of Civil Code section 2924. It alleged that prior to any transfer or assignment of the note or deed of trust, Lehman Brothers Holdings, Inc., filed bankruptcy and the note became property of the bankruptcy estate. It next alleges various entities, not including First American, were not authorized to conduct the foreclosure. It concludes, "Defendants have not complied with the basic requirements of Civil Code section 2924."

This cause of action challenges defendants' authority to initiate the foreclosure. Hedman, as a borrower, may pursue such a claim only if he alleges a specific factual basis for the claim. (*Gomes, supra,* 192 Cal.App.4th at p. 1154; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82-83, overruled on another point in *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 939.) As to First American, Hedman failed to allege the required specific factual basis.

9

As with the other causes of action, there are no factual allegations relating to First American. Neither the factual allegations nor the supporting documents indicate that First American was a party to the loan or the subsequent events leading to foreclosure. Indeed, its role--and its status as a defendant--remains a mystery. In exhibits to the complaint, First American's name appears only on attachments to a letter from NDEx to Hedman, purporting to verify the debt. Apparently, First American provided information about taxes on the property. The only other mention of First American in the record, other than as a named defendant, comes in two news articles. Hedman requested the court take judicial notice of these articles to show First American's "pattern of behavior of wrong doing." The first article states the FDIC is suing First American in Florida. The second indicates the Minnesota Department of Commerce fined First American for a sham business kickback scheme. Hedman has failed to show how these matters relate to his claim of wrongful foreclosure. Hedman failed to state a cause of action for wrongful foreclosure against First American.

## VI

### *Failure to Amend Complaint*

The trial court sustained First American's demurrer with leave to amend. Hedman failed to file an amended complaint. In his opening brief, Hedman does not assert a claim of error as to the filing of the amended complaint. At one point, he complains of not being allowed "to file a 20-60 days leave to ammend [*sic*]."

As noted *ante*, by court rule Hedman had 10 days to file an amended complaint after the trial court sustained his demurrer with leave to amend on November 5, 2014. (Cal. Rules of Court, rule 3.1320(g).) Hedman did not request leave to amend until December 9, 2014. His request was untimely. Further, even on appeal, Hedman has failed to indicate *how* he would amend the complaint so that it states a cause of action against First American. (See Cal. Rules of Court, rule 3.1324.)

10

## DISPOSITION

The judgment is affirmed.  First American shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                              /s/
                                        Duarte, J.

We concur:

       /s/
Blease, Acting P. J.

       /s/
Butz, J.