Filed 4/18/22  Marriage of Tsatryan CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of ARTHUR and POLINA TSATRYAN. | B305927 |
| | (Los Angeles County Super. Ct. No. BD512645) |
| ARTHUR TSATRYAN,<br><br>        Appellant,<br><br>        v.<br><br>POLINA TSATRYAN,<br><br>        Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Dean H. Hansell, Judge.  Dismissed.

Arthur Tsatryan, in pro. per., for Appellant.

No appearance for Respondent.

————————————————

# INTRODUCTION

In May 2015 the family court entered a judgment of dissolution of Arthur and Polina[1] Tsatryan's marriage and found their former marital residence in Santa Clarita (the Santa Clarita property) was community property. The court subsequently awarded Polina 100 percent of the property after finding Arthur breached his fiduciary duties to Polina by executing seven deeds of trust conveying security interests in the property to his relatives on the eve of the dissolution trial, substantially encumbering all equity in the property.

In January 2016 Polina filed a complaint for fraudulent transfer and declaratory relief against Arthur and the seven transferees, five of whom defaulted. After a bifurcated prove-up trial on Polina's claims against the defaulting defendants, the family court entered a judgment voiding the deeds of trust. Arthur appeals from that judgment. However, because Arthur is not a party aggrieved by the judgment, he lacks standing to appeal. We dismiss the appeal.

---

[1]    We refer to Arthur and Polina by their first names to avoid confusion.

## FACTUAL AND PROCEDURAL BACKGROUND

A.    *The Judgment of Dissolution and Santa Clarita Property*[2]

Arthur and Polina were married on August 5, 1987.  They separated on August 3, 2009, and Arthur filed a petition for dissolution of marriage on September 23, 2009.

After a five-day trial in February and April 2015, on May 21, 2015 the family court[3] entered a judgment of dissolution.  In relevant part, the court found the Santa Clarita property was community property and ordered the property be sold and the proceeds divided evenly, subject to equalization payments.  Arthur appealed from the judgment, and we affirmed.  (*In re Marriage of Tsatryan* (Feb. 13, 2018, B265467) [nonpub. opn.].)

On September 24, 2015 Polina filed a request for order partially vacating the judgment of dissolution as to the division of the Santa Clarita property.  Polina's attorney submitted a declaration stating Arthur secretly caused seven deeds of trust to be recorded against the Santa Clarita property on February 11 and 12, 2015 in favor of his friends and relatives, creating total encumbrances of $583,000.[4]  Polina argued Arthur violated the automatic family law temporary restraining order by failing to

---

[2]    This is Arthur's 12th appeal from an order or judgment entered in the marital dissolution action.  Our discussion of the dissolution and property division is taken from *In re Marriage of Tsatryan* (Jan. 14, 2019, B270784) (nonpub. opn.).

[3]    Judge Mark A. Juhas presided over the trial and signed the judgment of dissolution.

[4]    Polina's attorney testified the Santa Clarita property was appraised at $695,000 at the time of the dissolution trial.  (*In re Marriage of Tsatryan, supra,* B270784.)

obtain approval from the family court or Polina for these encumbrances, and Arthur failed to disclose them in his mandatory family law disclosures.  Arthur disputed he secretly encumbered the Santa Clarita property and asserted that he had filed an income and expense declaration listing "'loans from family and friends'" in the amount of $650,000.  (See *In re Marriage of Tsatryan* (Jan. 14, 2019, B270784) [nonpub. opn.].)

After a hearing, on January 26, 2016 the family court issued an order finding Arthur encumbered the Santa Clarita property in violation of the family law restraining order because the deeds of trust were not executed "in the usual course of business" or "for the necessities of life."  Further, Arthur did not provide the court with a full and complete income and expense declaration.  The court observed that the deeds of trust had "'no corresponding promissory notes and no loan repayment terms'" and "'[t]here is no evidence that [Arthur] received the funds from these [e]ncumbering [d]eeds.'"  The court found by clear and convincing evidence that Arthur's "egregious" breach of fiduciary duty constituted malice, oppression, or fraud under Civil Code section 3294.  (See *In re Marriage of Tsatryan, supra*, B270784.)

The family court awarded Polina 100 percent of the Santa Clarita property under Family Code section 1101, subdivision (h),[5] and ordered Arthur to execute an interspousal transfer deed transferring his entire interest in the property to

---

[5]     All further undesignated statutory references are to the Family Code.  Section 1101, subdivision (a), provides for a damages claim by a spouse for breach of the other spouse's fiduciary duty that impairs the community estate.  Section 1101, subdivision (h), provides that the claimant spouse may recover 100 percent of the asset in cases of malice, oppression, or fraud.

4

Polina as her sole and separate property. The court retained jurisdiction over the Santa Clarita property, execution of the interspousal transfer deed, and all issues related to the encumbering deeds. Arthur appealed, and we affirmed. (*In re Marriage of Tsatryan, supra*, B270784.)

B.    *Polina's Complaint for Fraudulent Transfer*[6]
On August 2, 2016 Polina filed a complaint in the dissolution action asserting causes of action for fraudulent transfer and declaratory relief against Arthur and the seven transferees on the encumbering deeds of trust: Gaiane Galstian, Svetlana Gevondyan, Arkadiy Petrosyan, Vyacheslav Shirinyan, Karen Tsatouryan, Karina Yesayeva, and Lyudmila Yesayeva. Polina alleged that Arthur, with the cooperation of the other defendants, executed and recorded the deeds of trust encumbering the Santa Clarita property on the eve of the dissolution trial to deprive Polina of her community interest in the property. Polina sought voidance of the transfer, declaratory and injunctive relief, an attachment order, imposition of a constructive trust, and appointment of a receiver. She also sought compensatory damages, punitive damages, and attorneys' fees and costs.

Arthur and Lyudmila Yesayeva each filed a general denial. The remaining defendants filed motions to quash service of the summons and complaint. On October 16, 2017 the family court[7]

---

[6]    Our summary of Polina's claims is based on the undisputed facts and procedural summary set forth in the family court's February 27, 2020 statement of decision.

[7]    Judge Shelley Kaufman.

5

granted Shirinyan's motion to quash but denied the motions to quash filed by the other defendants and ordered them to respond to the complaint within 10 days.[8]  On November 1, 2018 the family court[9] ordered the clerk to enter defaults against Galstian, Gevondyan, Tsatouryan, Petrosyan, and Karina Yesayeva (the defaulting defendants) finding they failed for more than a year to file a proper response to the summons and complaint, instead filing declarations in October 2017, November 2017, and October 2018 in which they again disputed that they had been served.

On December 11, 2019 the family court[10] issued an order bifurcating the trial into three phases.  The court advised the parties it would "begin first with the [d]efault [p]rove-[u]p trial by [Polina] as to the parties to the [complaint] who were served, failed to appear and against whom default was taken."  In the second phase, trial would commence against Lyudmila Yesayeva.  Trial of Polina's claims against Arthur would proceed in the third phase because Arthur "estimated that in defense of the case

---

[8]  Polina served Shirinyan with the complaint on January 16, 2020, and Shirinyan defaulted.  We take judicial notice of the family court's October 22, 2020 statement of decision and November 20, 2020 judgment against Shirinyan.  (Evid. Code, §§ 452, subd. (d), 459.)

[9]  Judge Gregory J. Weingart.

[10]  The matter was reassigned to Judge Dean H. Hansell on October 2, 2019.  Judge Hansell presided over the default prove-up trial and entered the judgment that is the subject of this appeal.

6

against him he would need at least thirty trial days and that his defense will involve the introduction of hundreds of documents."[11]

C.      *Trial of Polina's Claims Against the Defaulting Defendants*

The default prove-up trial on Polina's claims against the defaulting defendants commenced on January 27, 2020. Polina and Arthur represented themselves at trial.[12] None of the defaulting defendants appeared. The court admitted the encumbering deeds of trust for each of the defaulting defendants.

Polina testified that each of the defaulting defendants was related to Arthur: Tsatouryan was Arthur's brother; Galstian was

[11]      On August 15, 2017 Arthur filed a cross-complaint against Polina for fraud, libel, defamation, and conspiracy, alleging Polina submitted false declarations and evidence in the dissolution proceeding; made defamatory statements that Arthur had engaged in fraud; and conspired with her divorce lawyer to deprive Arthur of his home and take his money. Arthur demanded a jury trial. On December 11, 2019 the family court set an order to show cause for April 10, 2020 as to why Arthur's cross-complaint should not be transferred to a civil division pursuant to California Rules of Court, rule 5.17. We take judicial notice of Arthur's cross-complaint, the family court's August 18, 2021 minute order setting an order to show cause why the cross-complaint should not be dismissed with prejudice if Arthur elected not to assert his claims in a civil action, and the court's November 15, 2021 order dismissing Arthur's cross-complaint with prejudice. (Evid. Code, §§ 452, subd. (d), 459.) Arthur's January 7, 2022 appeal from the judgment of dismissal is pending.

[12]      Midway through the trial, Arthur accused the trial judge of lying, objected to the proceedings, and walked out of the courtroom.

7

Arthur's sister; Gevondyan was Arthur's aunt; Petrosyan was a first cousin; and Karina Yesayeva was another first cousin. Each of them knew that Arthur and Polina were married for decades and lived together at the Santa Clarita property, and several of the family members had visited or stayed in the Tsatryan residence over the years. Further, Polina did not discover Arthur had borrowed nearly $600,000 from his family secured by deeds of trust until the dissolution judgment was entered.

Arthur did not substantially dispute Polina's testimony. Instead, he argued the Santa Clarita property was his separate property; the defaulting defendants had not been properly served and were not in default; and Polina had "de facto" amended her complaint by shifting her damages theory, entitling the defaulting defendants to a renewed opportunity to answer. Arthur also objected to bifurcation of his claims and to the family court limiting Arthur's arguments to the claims against the defaulting defendants and refusing to consider during this phase of the trial Arthur's cross-complaint against Polina or his broader grievances.[13]

On January 29, 2020 the family court issued an 11-page proposed statement of decision. The court found Polina was credible and Arthur was not, explaining Arthur's testimony

---

[13] The trial of Polina's claims against Lyudmila Yesayeva commenced immediately after the default prove-up trial. On February 27, 2020 the court issued a separate statement of decision and judgment voiding the deed of trust naming Lyudmila, but the court declined to award Polina fees or damages, finding Lyudmila credibly testified she had lent Arthur $10,000 but knew nothing about the deed of trust. Arthur did not appeal from the judgment.

lacked credibility "based on his twisting of statements made by [Polina], his misleading and often incomplete statement of facts and his misrepresentations about the history of the case." The court concluded Polina met her burden to demonstrate that the defaulting defendants knew at the time they were named in their respective deeds of trust that Arthur and Polina were married and lived together in the Santa Clarita property as their marital home. Because the property was community property at the time of transfers, absent Polina's consent, Arthur lacked to the power to execute the deeds of trust. Further, the defaulting defendants could not establish they were bona fide purchasers for value because they were on actual or constructive notice of Polina's ownership interest in the Santa Clarita property.

The defaulting defendants and Arthur filed objections to the proposed statement of decision, and on February 27, 2020 the family court adopted the proposed statement of decision as its final statement of decision after bench trial and judgment, with no substantive changes. The court found the defaulting defendants' objections "consist of re-argument of two issues long-decided about whether the defaults against each of the parties were proper and whether the [complaint] was 'de facto amended,'" which the defendants could have argued at trial but failed to do so. As to Arthur's objections, the court noted "this trial and this [s]tatement of [d]ecision was only against the non-responding joined defendants and thus did not affect Mr. Tsatryan (the portion of the [complaint] affecting him, having been bifurcated for trial at a later date.)." The court still considered and overruled Arthur's objections, which appeared to relate to unsuccessful efforts by Arthur to disqualify the family court judge in December 2019.

The family court ordered that the five deeds of trust executed by Arthur were void ab initio, and the court directed the Los Angeles County Recorder to withdraw them. The court directed the defaulting defendants to cooperate with Polina and the recorder to execute all documents necessary to invalidate the deeds of trust. On February 27, 2020 the court entered a judgment on reserved issues that attached and incorporated the final statement of decision. Arthur timely appealed from the judgment.

**DISCUSSION**

A.   *Requirement of Standing*

"Not every party has standing to appeal every appealable order. . . . [O]nly a person aggrieved by a decision may appeal." (*In re K.C.* (2011) 52 Cal.4th 231, 236; accord, *In re J.Y.* (2018) 30 Cal.App.5th 712, 717; see *People ex rel. Allstate Ins. Co. v. Dahan* (2016) 3 Cal.App.5th 372, 377 ["""A party who is not aggrieved by an order or judgment has no standing to attack it on appeal."""].) "'[S]tanding' . . . is a jurisdictional requirement set forth in Code of Civil Procedure section 902." (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 7; see Code Civ. Proc., § 902 ["Any party aggrieved may appeal in the cases prescribed in this title."].) Because standing is jurisdictional, it cannot be waived. (*Dahan,* at p. 377.)

For purposes of Code of Civil Procedure section 902, "a party is aggrieved if an order injuriously affect[s] its rights or interests. [Citation.] The injured interest must be recognized by law [citation], and the injury must be immediate, pecuniary, and substantial; it cannot be nominal or be a remote consequence of

10

the judgment. [Citation.] The injured interest also must belong to the party: a would-be appellant lacks standing to raise issues affecting another person's interests." (*Six4Three, LLC v. Facebook, Inc.* (2020) 49 Cal.App.5th 109, 115 (*Six4Three*) [internal quotation marks omitted]; accord, *In re K.C., supra*, 52 Cal.4th at p. 236.) Whether a party has standing is a question of law that we review de novo. (*People for Ethical Operation of Prosecutors and Law Enforcement v. Spitzer* (2020) 53 Cal.App.5th 391, 398; *A.J. Fistes Corp. v. GDL Best Contractors, Inc.* (2019) 38 Cal.App.5th 677, 687.)

B.     *Arthur Is Not an Aggrieved Party*

Arthur is not aggrieved by the judgment against the defaulting defendants. The family court's judgment invalidating the defaulting defendants' deeds of trust and ordering them to cooperate in removing their encumbrances on the Santa Clarita property did not require Arthur to do anything or impact his rights. Further, Arthur had no pecuniary or other cognizable interest in the Santa Clarita property because the family court in its January 2016 order awarded 100 percent of the interest in the Santa Clarita property to Polina; Arthur appealed the order and we affirmed in *In re Marriage of Tsatryan, supra*, B265467. Arthur ""'lacks standing to raise issues affecting another person's interests.'"" (*Six4Three, supra*, 49 Cal.App.5th at p. 115.)

Although the court allowed Arthur at the January 27, 2020 trial to introduce evidence, make objections, and present arguments, he was not a party to that phase of the trial because Polina's claims against him had been bifurcated and set for trial at a later date. The factual findings in the statement of decision concerning Arthur's "egregious" breach of fiduciary duty, Polina

11

and Arthur's shared ownership of the Santa Clarita property during their marriage, Arthur's improper conduct in executing the deeds of trust, and Polina's ignorance of the deeds were all established in the dissolution judgment and the January 2016 order granting Polina a 100 percent interest in the property, which we affirmed on appeal. (*In re Marriage of Tsatryan, supra*, B265467; *In re Marriage of Tsatryan, supra*, B270784.) The family court did not make any findings in the statement of decision affecting Arthur that were not already litigated and final.

In his appellant's opening brief, Arthur identifies 11 issues he contends are properly before this court. Six issues relate to whether the family court erred in finding the defendants were in default. As discussed, Arthur does not have standing to raise issues affecting only other parties. (*Six4Three, supra*, 49 Cal.App.5th at p. 115.) Two of the issues appear to relate to Judge Hansell's refusal to disqualify himself, an issue that is not reviewable on an appeal from the judgment. (*People v. Panah* (2005) 35 Cal.4th 395, 444-445; Code Civ. Proc., § 170.3 ["The determination of the question of the disqualification of a judge is not an appealable order and may be reviewed only by a writ of mandate."].) Arthur also contends the family court did not have the power to bifurcate the proceedings on Arthur's cross-complaint from trial of Polina's complaint. But the court's December 11, 2019 bifurcation order only concerned Polina's claims against Arthur; Arthur did not file his cross-complaint until a year later.[14]

---

[14] We invited Arthur to file a supplemental letter brief and address at oral argument why he has standing as an aggrieved

Arthur's ninth contention is that entry of judgment against the defaulting defendants violated the one final judgment rule. But Arthur's argument focuses on whether the May 21, 2015 judgment rendered the later judgment against the defaulting parties void, an issue for which he lacks standing. Finally, Arthur contends Polina and the family court engaged in conduct that was not "[c]onstitutional." This argument appears to be based on the court's asserted violation of due process in handling Arthur's motions. But Arthur fails to identify the motions, and in any event, as discussed, he has no standing to challenge motions litigated with respect to the judgment at issue in this appeal. We therefore dismiss Arthur's appeal for lack of standing.

---

party to appeal the judgment against the defaulting defendants. In response, Arthur focused on his contention the family court erred by bifurcating trial of his cross-complaint from trial of Polina's complaint. Whether the court abused its discretion in bifurcating the causes of action asserted in Arthur's cross-complaint is an issue Arthur can raise in his pending appeal from the judgment of dismissal on his cross-complaint.

## DISPOSITION

The appeal is dismissed.

                              FEUER, J.

We concur:


PERLUSS, P. J.


SEGAL, J.